# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

LAKISHA STEWART,                                            PLAINTIFF,

VS.                                                 CIVIL ACTION NO. 4:07CV156-P-S

VIKING RANGE CORPORATION,                            DEFENDANT.

## MEMORANDUM OPINION

This matter comes before the court upon the defendant's motion for summary judgment [26]. After due consideration of the motion and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

Viking Range hired Lakisha Stewart on or about January 19, 2005 as a spot welder in its appliance factory. Stewart later became a Form Operator – a production worker who fabricates parts of stoves and other equipment using metal components.

In October 2005 the plaintiff was involved in a non-work related automobile accident in which she suffered fractures in her left arm. Though she was not eligible for leave pursuant to the Family Medical Leave Act, Viking gave Stewart six weeks of FMLA leave.

On December 5, 2005 the plaintiff's physician released her for light duty with the restriction that she could not use her left arm to lift heavy objects. Upon returning to work, the plaintiff states that her supervisor, McKinley Sibley, indicated that he had been looking for another employee to perform some tasks previously assigned to him. Sibley assigned the plaintiff the position of Hot Phone Operator which consisted of the plaintiff reporting to work at night and completing a list of duties given to her. She continued in this capacity until April 11, 2006 when she received an email telling her to go home until she was received a full medical release without restriction. The plaintiff

alleges that Viking replaced her with another employee, Joshanda Shepard, who was pregnant, after learning that the plaintiff's disability would last longer than anticipated. According to the plaintiff, Viking preferred that people with temporary disabilities occupy the "light duty" position, thereby discriminating against the plaintiff for being perceived has having a long-term disability.

The plaintiff filed the instant action on August 14, 2007 in the Circuit Court of Leflore County, Mississippi, asserting the following causes of action: (1) violation of the Americans with Disabilities Act for terminating her from the Hot Phone Operator position; (2) intentional or negligent infliction of emotional distress; and (3) violation of ERISA for failure to send the plaintiff a COBRA health insurance notice after termination. The plaintiff also seeks punitive damages.

The defendant removed this action to federal court on September 25, 2007, asserting federal question jurisdiction. The defendant filed its motion for summary judgment on September 30, 2008, arguing: (1) the plaintiff fails to make a *prima facie* ADA claim given she is not a "qualified individual with a disability"; and (2) the plaintiff's ERISA claim fails because she admitted in her deposition that she in fact received the COBRA notice after her termination but was unable to pay the premium for the subject health insurance.

## II. DISCUSSION

**A. Summary Judgment Standards**

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the

2

threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson*, 477 U.S. at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5th Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*.

at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.* at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Analysis**

**1. ADA Claim**

To prevail on her ADA claim, the plaintiff must prove that "(1) she had a disability; (2) she was qualified for the job; and (3) an adverse employment decision was made solely because of her disability." *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 763 (5th Cir. 1996). With regard to the second element, the plaintiff "has the burden of proving that she can perform, with or without reasonable accommodation, all of the essential elements of her job." *Rizzo*, 84 F.3d at 763.

Viking argues that the plaintiff concedes that she could not perform her duties as a Form Operator with or without reasonable accommodation. The plaintiff counters that although she cannot function as a Form Operator due to her inability to lift with her left arm, she is not asserting an ADA claim based on the Form Operator position, but rather upon her removal as a Hot Phone Operator. Viking argues that there is no such official position and that the duties assigned to her were meant to temporarily give her light duty. The plaintiff disputes this fact, arguing that there was such an official position and that she was paid for performing those duties for some time.

However, the court notes that the plaintiff cited no authorities for the proposition that such a light duty position became her permanent new position from which she could not be terminated for being perceived as disabled. Nor does the plaintiff cite evidence that the Hot Phone Operator

4

position was an official position or that she was told she could remain in the position permanently. Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.

In any event, the defendant is correct that the plaintiff has conceded that she cannot perform her duties as a Form Operator with or without reasonable accommodation. Furthermore, Viking does not have a duty to create a permanent light duty position for employees who become unable to perform their original jobs. *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1094 (5th Cir. 1996) (An employer "is not required to create light duty jobs to accommodate disabled employees.") (citing *Daugherty v. City of El Paso*, 56 F.3d 695, 699 (5th Cir. 1995) (An employer "is not required to fundamentally alter its program. Nor is the [company] required to find or create a new job for [the plaintiff]....")).

Accordingly, the court concludes that the plaintiff has failed to meet her burden in demonstrating that she was a qualified person with a disability given she concedes she cannot perform her original job duties as a Form Operator, even with reasonable accommodation, and given that the law did not require her employer to create a new, light-duty position for her. Though the plaintiff argues that her claim is based upon her removal as a Hot Phone Operator, the court concludes that she has not shown sufficient evidence to create a genuine issue of material fact that she was given this job on a permanent basis. Accordingly, Viking's motion for summary judgment should be granted in this regard.

**2. ERISA/COBRA Claim**

In her Complaint the plaintiff argues that Viking violated the Employment Retirement Income Security Act by failing to send her a COBRA (Consolidated Omnibus Budget Reconciliation Act) notice after her termination, thereby depriving her of the health insurance that would have been available after her termination. The plaintiff admitted in her deposition, however, that she received the notice, but was unable to pay the premium for the health insurance. Deposition of Lakisha Stewart at 47-49. Furthermore, the plaintiff did not address this in her brief. Accordingly, the court concludes that the plaintiff has failed to show a genuine issue of material fact regarding her ERISA/COBRA claim and therefore summary judgment should be granted in this regard.

**3. Intentional or Negligent Infliction of Emotional Distress**

Because the plaintiff's other claims fail as a matter of law, the court concludes that there is no evidence upon which a reasonable jury could find either intentional or negligent infliction of emotional distress.

With regard to the intentional claim, the applicable statute of limitations is one-year since it is an intentional tort. Miss. Code. Ann. § 15-1-35. The Complaint bases both of its emotional distress claims on the alleged discrimination in violation of the ADA. The plaintiff was terminated on or about April 11, 2006. Thus, pursuant to § 15-1-35 the plaintiff had until April 11, 2007 by which to file an action for intentional infliction of emotional distress. The plaintiff did not file her action until August 14, 2007 and therefore the claim is time-barred.

The statute of limitations period for a negligent infliction of emotional distress claim, however, is three years, rather than one. Such a cause of action does not allege intentional conduct covered by § 15-1-35. *See Randolph v. Lambert*, 926 So.2d 941, 946 (Miss. Ct. App. 2006). Thus,

the plaintiff's negligent infliction of emotional distress claim is timely. However, unlike the tort of intentional infliction of emotional distress, "[a] plaintiff may not recover for a claim of negligent infliction of emotional distress without showing that he or she suffered a physical injury." *Waters v. Allegue,* 980 So.2d 314, 318 (Miss. Ct. App. 2008) (citing *Wilson v. GMAC*, 883 So.2d 56, 65 (Miss. 2004); *see also Community Bank, Ellisville, Mississippi v. Courtney*, 884 So.2d 767, 775 (Miss. 2004); *Ill. Centr. R.R. v. Hawkins*, 830 So.2d 1162, 1174 (Miss. 2002) (where an alleged tort is "one of ordinary garden variety negligence [as opposed to intentional in nature], the plaintiffs ... have to prove some sort of injury, whether it be physical or mental. If the conduct was not malicious, intentional or outrageous, there must be some sort of demonstrative harm."). Since the plaintiff has not alleged a physical injury specifically caused by the alleged negligent infliction of emotional distress, this claim fails as a matter of law.

### III. CONCLUSION

For the reasons discussed above, the court concludes that the defendant's motion for summary judgment [26] should be granted and that all of the plaintiff's claims should be dismissed with prejudice. Accordingly, a Final Judgment shall issue forthwith,

**THIS DAY** of December 8, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE